AO91 (Rev. 8/01) Criminal Complaint

# UNITED STATES DISTRICT COURT

DISTRICT OF     OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>REYNOLD SARE CHAPIN. | **CRIMINAL COMPLAINT**<br><br>Case Number: 07-MJ- 487<br><br>FILED'07 NOV 7 15:33 USDC ORP |

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about  11/72007  in  MULTNOMAH  County, in the _____ District of  Oregon  defendant( ) did,

*(Track Statutory Language of Offense)*

knowingly and without authorization copy, duplicate, photocopy, replicate, deliver, send a trade secret, to wit: a Nike catalogue, with intent to convert a trade secret that is related to a product that is produced for or placed in interstate or foreign commerce, to the economic benefit of himself and intending or knowing that the offense will injure any owner of that trade secret

in violation of Title  18  United States Code, Section(s)  1832  and
in violation of Title ____ United States Code, Section(s) __.
I further state that I am a(n)  FBI Special Agent  and that this complaint is based on the
                                               Official Title

following facts:

See Attached Affidavit.

Continued on the attached sheet and made a part of this complaint:   X Yes   ☐ No

_____
Signature of Complainant

Phil R. Slinkard
Printed Name of Complainant

Sworn to before me and signed in my presence,

November 7, 2007                  at    Portland, Oregon
Date                                                     City and State

Janice M. Stewart, United States Magistrate Judge     _____
Name and Title of Judicial Officer                                Signature of Judicial Officer

| | | |
|---|---|---|
| IN THE STATE OF OREGON | ) | |
| | ) .ss | AFFIDAVIT OF |
| COUNTY OF MULTNOMAH | ) | PHIL R. SLINKARD |

I, Phil R. Slinkard, being first duly sworn say:

    1. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been so employed since May 19, 2002. I am currently assigned to the Portland Division of the FBI, Cyber Crime Squad, where I investigate computer crimes. I have received extensive training in the investigation of computer, telecommunications, and other technology crimes. I have a Masters Degree in the Management of Computer Resources and Information Systems from Webster University in Saint Louis, Missouri. Prior to my employment with the FBI, I was a consultant for a global high-tech software company where I gained expertise in networking, web technologies, and programming in several different computer languages. I have received additional training at the FBI Academy and through Sytex in investigative techniques of computer crimes and online covert operations.

    2. Since October 2002, I have been a member of the Portland FBI's Cyber Crime squad. I have been involved in the investigation of matters involving criminal intrusions of computer systems by foreign and domestic sources as it relates to violations of Title 18, United States Code, §§ 1029, 1030 and 1341. Additionally, I have also investigated trafficking in counterfeit goods and services in violation of Title 18, United States Code, § 2320, criminal infringement of a copyright in violation of Title 18 United States Code, § 2319, and the possession, receipt, reproduction and transmission of child pornography over the Internet, in violation of Title 18,

United States Code, §§ 2252 and 2252A. I have also conducted searches pertaining to these types of investigations.

3. This affidavit is offered in support of an application for a search warrant for the person of Reynold Chapin for violations of 18 U.S.C. §1832 (Theft of trade secrets). Based on evidence obtained through this investigation, as described below, I have probable cause to believe and do believe that Reynold Sare Chapin has engaged in conduct in violation of 18 U.S.C. § 1832..

4. The Economic Espionage Act of 1996, 18 U.S.C. §§ 1831-1839 criminalizes two types of trade secret misappropriation. Section 1831 punishes the theft of a trade secret to benefit a foreign government, instrumentality or agent. Section 1832 punishes the commercial theft of trade secrets carried out for economic advantage, whether or not it benefits a foreign government, instrumentality or agent.

5) 18 U.S.C § 1832 reads as follows:

(a) Whoever, with intent to convert a trade secret, that is related to or included in a product that is produced for or placed in interstate or foreign commerce, to the economic benefit of anyone other than the owner thereof, and intending or knowing that the offense will injure any owner of that trade secret, knowingly-

> (1) steals or without authorization appropriates, takes, carries away, or conceals, or by fraud, artifice, or deception obtains such information;
>
> (2) without authorization copies, duplicates, sketches, draws, photographs, downloads, uploads, alters, destroys, photocopies, replicates, transmits, delivers, sends, mails, communicates, or conveys such information;
>
> (3) receives, buys, or possesses such information, knowing the same to have been stolen or appropriated, obtained, or converted without authorization;
>
> (4) attempts to commit any offense described in paragraphs (1) through (3); or

PAGE - 2 - AFFIDAVIT OF PHIL R. SLINKARD

(5) conspires with one or more other persons to commit any offense described in paragraphs (1) through (3), and one or more of such persons do any act to effect the object of the conspiracy,

shall, except as provided in subsection (b), be fined under this title or imprisoned not more than 10 years or both.

6. Since this affidavit is being submitted for the limited purpose of establishing probable cause for a complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation.

## OVERVIEW OF INVESTIGATION

7. The Chief Executive Office (CEO), Richie Woodworth, of Saucony Corporation received a letter in early October of 2007. The anonymous writer of this letter claimed to be in possession of the Fall 2008 Nike catalog. Also contained within the letter were photocopies represented to be a sample of the pages from the catalog. The writer claimed that this catalog contains details of the unreleased Nike product line. The writer of the letter states that he sent the letter to 4 large corporate CEO's and offered the sale of the catalog to the highest bidder. An email address of infoatportland@yahoo.com was provided as a point of contact for the auction of the catalog.

8. Woodworth forwarded the letter to Nike, Incorporated (Nike). David Simpson, Director of Security, Nike Corporation, provided a copy of the letter to the Portland Division of the FBI. Simpson stated that the release of the Nike product designs and marketing could cause a great financial loss to Nike. In addition, he stated that the contents of the catalogue and the items depicted therein were not yet public and that Nike had made significant efforts to secret the contents against disclosure. He further stated that, as the catalogue represented the entire Nike

PAGE - 3 - AFFIDAVIT OF PHIL R. SLINKARD

product line for fall 2008 among other proprietary items, he believes the contents to be a trade secrets. Based on my training and experience, I know and understand that Nike is an international company doing business in multiple countries as well as the fifty United States.

9. On October 24, 2007, an order compelling Yahoo! to provide subscriber information pursuant to 18 U.S.C. § 2703(d) for the email address infoatportland@yahoo.com was served on Yahoo! On October 26, 2007, Yahoo! returned a list of seven IP addresses as having accessed the email account.

10. By using the UNIX traceroute command, which traces the path of an TCP / IP packet to a destination, the IP addresses provided by Yahoo! were determined to be owned or leased by the Multnomah County Library.

11. A federal grand jury subpoena was served on the Multnomah County Library for records pertaining to the user or users accessing the IP addresses provided by Yahoo! The Multnomah County Library provided records establishing Reynold Sare Chapin as having utilized the IP addresses during the time frames provided by Yahoo!

12. Acting as a representative of a major shoe company, I established an email account with hotmail.com to communicate with and receive email from the email account infoatportland@yahoo.com. I sent an email message offering to purchase the catalog for $2000.00 to infoatportland@yahoo.com. An individual identifying himself as "Dave" agreed, via email, to sell me the catalog for $2000.00. "Dave" further offered to provide a Nike soccer catalog as a bonus. "Dave" provided a cellular telephone number of 503-781-7951 as a point of contact.

13. I made a phone call to the phone number provided by "Dave". No one answered the

PAGE - 4 - AFFIDAVIT OF PHIL R. SLINKARD

phone and the call went to voice mail. The voice on the voice mail identified himself as Reynold Chapin.

14. Acting in my capacity as an undercover agent representing a major shoe company on the east coast, I provided a phone number for "Dave" (herein after known as Reynold Chapin) in an email message to infoatportland@yahoo.com. Chapin called the number I provided on November 2, 2007. The phone number on the phone's caller identification was 503-314-8820. This was not the phone number Chapin had previously provided. I allowed the call to go to voice mail. The voice mail message indicated that he was attempting to contact me in reference to the sale of the Nike catalog. Later that day, I returned the phone call and spoke to Chapin. During the phone call, Chapin identified himself as Reynold Chapin. Chapin stated he was using a friends phone. The date, time and place for the exchange of the catalog was established during the phone call. Chapin agreed to meet at the Portland Airport at 11:00 a.m. on November 7, 2007 for the sale of the catalog. Chapin suggested he may be able to get other catalogs in the future and he would be willing to sell those.

15. On November 7, 2007, I went to the Portland Airport to meet with Mr. Chapin at a pre-arranged location in the airport terminal. Around the appointed time, I walked towards the location and saw him as he had described himself. As I approached, he asked whether I was "Richard" (the name I had used to set up the meeting) and acknowledged that he was Reynold. We walked to the food court area of the terminal building and sat down in the midst of previously placed FBI agents. During our encounter, he showed me some personal items, disclosed that he obtained the catalogues from the printing and binding shop where he worked and then showed me three Nike 2008 catalogues. I examined them briefly and verified that they

PAGE - 5 - AFFIDAVIT OF PHIL R. SLINKARD

were in fact as Reynold had represented and then gave the signal to effect the arrest. Mr. Chapin declined to make any further statements at that time.

## CONCLUSION

15. Based on the foregoing, your Affiant believes and respectfully submits that there is probable cause to believe that the individual Reynold Chapin has committed a violation of 18 U.S.C. §1832, Theft of trade secrets. Your Affiant, therefore, respectfully requests that the attached warrant be issued authorizing the arrest and detention of Reynold Chapin.

Phil R. Slinkard
Federal Bureau of Investigation
Portland, Oregon

Subscribed and sworn to before me this 7th day of November, 2007.

Hon. Janice M. Stewart
United States Magistrate

PAGE - 6 - AFFIDAVIT OF PHIL R. SLINKARD